IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| OLYMPIC COAST INVESTMENT, INC., a Washington corporation, | CV 09-47-M-DWM-JCL |
| Plaintiff, | ORDER, and FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| vs. | |
| TIMOTHY J. PULLIAM and DEAYDRE L. PULLIAM, Individually and as Joint Tenants with Rights of Survivorship, | |
| Defendants. | |

_____

This matter is before the Court on Plaintiff Olympic Coast Investment, Inc.'s separate summary judgment motions filed against each of the Plaintiffs, Timothy Pulliam and Deaydre Pulliam. Also before the Court is Olympic Coast's Unopposed Motion to Amend Complaint and to Add Additional Parties.

For the reasons stated below, the Court deems it appropriate to grant Olympic Coast's motion to amend. Additionally, the Court recommends that Olympic Coast's summary judgment motions be granted, subject to the

ORDER, and FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE - Page 1

appearances and answers to be filed by the new Defendants Olympic Coast will add through its amended complaint.

## I. BACKGROUND

This action arises from a real estate loan transaction between the parties. Olympic Coast agreed to lend $660,000.00 to the Plaintiffs, Timothy and Deaydre Pulliam. The Pulliams secured the loan with their real property identified in a Montana Trust Indenture.

Olympic Coast contends the Pulliams have defaulted on their loan payments. Therefore, Olympic Coast seeks to recover the balance of the loan due from the Pulliams, and to foreclose on the Pulliams' real property securing the loan.

Olympic Coast has filed a separate summary judgment motion against each of the Pulliams. Olympic Coast requests the Court enter judgment against the Pulliams for the total amount due on the loan, and allowing Olympic Coast to foreclose on the real property.

The Pulliams filed very limited responses to Olympic Coast's summary judgment motions. In substance, the Pulliams do not dispute the terms of the parties' real estate loan transaction, and they do not deny that they are in default

on the required loan payments. Instead, the Pulliams assert that they still hope to secure financing to pay their debt to Olympic Coast in lieu of a foreclosure on their real property.

## II.  APPLICABLE LAW

### A.  Summary Judgment

Federal Rules of Civil Procedure 56(c) entitles a party to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

### B.  Application of Montana Law

Because jurisdiction over this action is founded upon diversity of citizenship, the Court applies the substantive law of Montana, the forum state. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

## III.  DISCUSSION

### A.   Judicial Foreclosure of Trust Indenture

In view of the Pulliams' limited responses to Olympic Coast's summary judgment motions, the facts as set forth in Olympic Coast's Complaint, its summary judgment motions, and the parties' transaction documents, all as discussed below, are undisputed by the Pulliams.

On or about June 21, 2007, the Pulliams signed a Promissory Note in the amount of $660,000.00 which accrued simple interest at the rate of 12% beginning June 29, 2007.  The Promissory Note requires the Pulliams to make interest-only payments to Olympic Coast at the rate of $6,600.00 per month.  The payments are due on the first day of each month commencing August 1, 2007.

Additionally, the Promissory Note requires the Pulliams to make monthly payments for the real property taxes on the property securing the loan.  The Pulliams are to make the real estate tax payments at the same time as their monthly interest-only payments on the loan.

Finally, the Promissory Note imposes joint and several liability on the Pulliams for their obligations in the Note.

The Promissory Note identifies various events of default.  The events of default relative to this action include the following:

    a.    Failure to make any payment under this Note when due;

    ...

    c.    Failure to pay any real property taxes and/or assessments when due or the failure to pay the insurance premiums necessary to continuously insure the property against loss by fire or other hazards. [...]

Affidavit of Kurt J. Ursich (May 18, 2009), Ex. 1 at ¶ 8.

An event of default under the Promissory Note triggers various consequences to the Pulliams.  A default entitles Olympic Coast to accelerate the debt, and to declare that the principal balance, interest, fees, costs, and expenses is due and payable in full in a judicial foreclosure.  Aff. of Ursich, Ex. 1 at ¶ 10.  The Promissory Note also imposes additional simple interest at the rate of 12% per annum upon the occurrence of an event of default.  Finally, the Promissory Note provides that the Pulliams agree to reimburse Olympic Coast for all fees, costs, and expenses that Olympic Coast incurs for collecting or enforcing the Promissory Note, and for realizing any collateral securing the loan.

To secure their obligations under the Promissory Note, on or about June 21, 2007, the Pulliams executed a Montana Trust Indenture by which the Pulliams

conveyed some of their real property to Stewart Title of Ravalli County to hold the property in trust for Olympic Coast as the Beneficiary of the Trust Indenture.  The real property consists of three separately identified and described parcels of land as set forth in Exhibit A attached to the Montana Trust Indenture.  The three parcels were, at the time, commercial properties that were rented to ongoing businesses.

    The Montana Trust Indenture imposes various obligations on the Pulliams that are relevant to these proceedings.  The Trust Indenture requires the Pulliams to "provide, maintain and deliver" insurance covering losses to the improvements on the real property securing the Promissory Note.  The Trust Indenture also requires the Pulliams to pay the taxes on the real property, and it requires the Pulliams to make monthly payments to Olympic Coast equal to 1/12th of the taxes and insurance premiums due for the year.  The Trust Indenture provides that the Pulliams' failure to make the referenced payments shall constitute a default under the Trust Indenture.  Finally, the Trust Indenture makes the Pulliams jointly and severally liable for the obligations under the Trust Indenture.

    Olympic Coast and Stewart Title of Ravalli County also have the option to make any payment, or perform any obligation as required under the Trust

ORDER, and FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE - Page 6

Indenture on behalf of the Pulliams if the Pulliams fail to make a particular payment or perform a particular obligation. In turn, the Trust Indenture requires the Pulliams to reimburse Olympic Coast or Stewart Title for expenses they paid on behalf of the Pulliams.

The Montana Trust Indenture also specifies that any default by the Pulliams under the Trust Indenture entitles Olympic Coast to seek certain remedies. Upon the Pulliams' default, the Trust Indenture gives Olympic Coast the right to declare all debt immediately due and payable, and it gives Olympic Coast the right to "foreclose this Trust Indenture in the manner provided by law for the foreclosure of mortgages on real property[.]" Aff. of Ursich, Ex. 2 at ¶ 17. The Trust Indenture further entitles Olympic Coast to recover its fees, costs, and expenses from the Pulliams in the event of any judicial action to enforce the Trust Indenture.

The Pulliams began making payments on the Promissory Note on August 1, 2007. Beginning on September 1, 2008, however, and continuing each month thereafter, the Pulliams failed to make the monthly interest payments of $6,600.00. Beginning September 1, 2008, the Pulliams also failed to make the monthly real property tax payments and insurance premium payments as required.

Based on the foregoing, the Pulliams are in default on their obligations under the terms of the Promissory Note and the Montana Trust Indenture. Consequently, pursuant to the terms of those two documents the entire outstanding balance, plus interest, attorney fees, costs, and expenses is now due and payable in full.

Additionally, Olympic Coast is entitled to foreclosure of the secured property under the terms of the Montana Trust Indenture. Specifically, under Montana's Small Tract Financing Act which governs trust indentures, Olympic Coast has the option of proceeding with judicial foreclosure of its security interest.

> A trust indenture executed in conformity with this part may be foreclosed [...] by judicial procedure as provided by law for the foreclosure of mortgages on real property.

Mont. Code Ann. § 71-1-304(3). *See Trustees of the Washington-Idaho-Montana Carpenters-Employers Retirement Trust Fund v. Galleria Partnership*, 239 Mont. 250, 257, 780 P.2d 608, 612 (1989). Additionally, judicial foreclosure of a trust indenture regarding commercial property securing a commercial loan permits a lender to obtain a deficiency judgment, if necessary, for the balance of the amount due after the foreclosure sale. *Id*. at 257-58, 612-13. Judicial foreclosure of a trust

ORDER, and FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE - Page 8

indenture is conducted in accordance with the procedures for foreclosure on a mortgage as established, in part, in Mont. Code Ann. § 71-1-222.

Furthermore, Olympic Coast is entitled to a monetary judgment against the Pulliams. Specifically, it is entitled to recover the full balance due on the Promissory Note, including the unpaid principle, taxes, insurance premiums, and other fees, costs, and expenses as specifically permitted under the terms of the Promissory Note and the Montana Trust Indenture. As of May 1, 2009, the total amount due from the Pulliams was $743,158.45.

### B.    Olympic Coast's Motion to Amend

Olympic Coast moves for leave to amend its complaint to add new defendants who have filed liens on the subject properties. According to Olympic Coast, the Montana Department of Revenue has filed a state tax lien on the properties, the Montana Department of Labor & Industry has filed two state tax liens, and Collection Bureau Services, Inc. has filed a judgment lien on the properties. Olympic Coast requests leave to add those three entities as Defendants, and the Pulliams do not oppose Olympic Coast's motion.

## IV.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Olympic Coast's Unopposed Motion to Amend Complaint and to Add Additional Parties is GRANTED pursuant to Fed. R. Civ. P. 15(a).  Pursuant to L.R. 15.1(a), Olympic Coast shall promptly file its Amended Complaint to Foreclose Montana Trust Indenture, and Appoint Receiver.

IT IS FURTHER RECOMMENDED that Olympic Coast's Motion for Summary Judgment Against Defendant Timothy J. Pulliam, and its Motion for Summary Judgment Against Defendant Deaydre L. Pulliam should be GRANTED.

Olympic Coast should be entitled to judgment in the amount of the entire balance due on the Promissory Note signed by the Pulliams, together with interest, taxes, insurance premium, fees, expenses, and costs as specifically permitted under the terms of the Promissory Note and the Montana Trust Indenture signed by the Pulliams.

Olympic Coast should be entitled to judicial foreclosure of the Montana Trust Indenture signed by the Pulliams, and to proceed with foreclosure proceedings as provided by law for the foreclosure of mortgages on real property.

Although Olympic Coast may be entitled to a deficiency judgment following the foreclosure sale of the real properties identified in the Montana Trust Indenture, the Court should reserve ruling on Olympic Coast's entitlement to a deficiency judgment until after it is determined that a deficiency exists, if any.

IT IS FURTHER RECOMMENDED, however, that judicial foreclosure and sale should not occur until after the Montana Department of Revenue, the Montana Department of Labor & Industry, and Collection Bureau Services, Inc. have appeared and filed answers to Olympic Coast's Amended Complaint.

DATED this 29th day of July, 2009.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

ORDER, and FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE - Page 11